**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTHONY LEROY DAVIS,**

**Petitioner,**

**v.** **CASE NO. 23-3060-JWL**

**KRIS W. KOBACH[1],**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner and state prisoner Anthony Leroy Davis. Petitioner's fee status is pending. (*See* Docs. 3 and 6.)

**Background**

Petitioner was convicted in state court in 1989 of first-degree felony murder, aggravated robbery, and aggravated arson, and he was sentenced to life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567, 569 (1990) (*Davis I*); *Davis v. State*, 2021 WL 218903, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. In 2016, while Petitioner was serving his sentence, he punched a correctional officer. *State v. Davis*, 2019 WL 5090467, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020.

[1] Petitioner has named the Kansas Attorney General Kris W. Kobach as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."); Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing the Court to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241) and Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.") Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

In 2017, a jury convicted him of battery of a law enforcement officer and in 2018, he was sentenced to 65 months in prison. *Id.* at *2.

In February 2023, Petitioner filed a petition seeking relief under 28 U.S.C. § 2241, which was assigned case number 23-3052-JWL. *Davis v. Kobach*, Case No. 23-3052-JWL. Because the grounds asserted for relief therein alleged constitutional violations in his 1989 convictions, the Court recharacterized the matter as seeking relief under 28 U.S.C. § 2254. *See id.* at Doc. 7. Then, because any § 2254 petition challenging Petitioner's 1989 convictions is successive and Petitioner had not obtained from the Tenth Circuit the required authorization to proceed on a successive § 2254 petition, this Court dismissed that matter for lack of jurisdiction. *Id.*

Petitioner filed another petition for habeas relief on March 1, 2023, which began the case now before the Court, again using the form petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) On March 5, 2023, Petitioner filed a motion to amend his petition. (Doc. 7.) That motion will be granted, and the petition attached to the motion will be filed as the amended petition.

Even liberally construed, the amended petition leaves unclear what action Petitioner intends to challenge in this matter or the grounds for relief. At various points, Petitioner asserts that he is (1) in state custody beyond the expiration of his sentence, (2) a pretrial detainee awaiting trial who wishes to challenge his pretrial detention, (3) challenging this Court's recent dismissal of case number 23-3052-JWL, (4) challenging the validity of his convictions and/or sentences as imposed, and (5) challenging the classification of his life sentences as determinate. (Doc. 7-1, p. 2-3.) In the portion of the form for identifying appeals of the decision he wishes to challenge, Petitioner refers to the state appellate courts' opinions affirming his 1989 and 2017 convictions, a 2021 Kansas Court of Appeals opinion in a K.S.A. 60-1507 proceeding, and this Court's dismissal of case number 23-3052-JWL. *Id.* at 3-4.

As Ground One for relief in this matter, Petitioner states:

> 28 U.S.C. 2241 is the first-time used to [attack the execution of my "sentences" Petitioner shall challenge the execution of his "Kansas" state sentences via a [2241]. Pro se ground properly brought under 2241 challenged, this fact and duration of pro se Petitioner's confinement and seeking [federal] remedy of immediate release, 115 F.3d 809, 812 10th Cir. [1997]. Cite.

*Id.* at 7 (capitalization normalized, all else as in original).

In the portion of the form petition for identifying the facts that support Ground One, Petitioner states:

> Petitioner pro se state; Petitioner's that apply AO242 [12/12] Even with due diligence, this claim articulated appears to have merit and filed in good faith; Petitioner bore no burden unless the responding "party" invoke the defense and prove that it apply because this first-petition is "successive?" Let us pretend the "state" satisfied this pleading and proof burden, shall, the burden revert to the pro se Petitioner to "disprove abuse" by making an adequate showing of "cause and prejudice" or by showing that dismissal of this "new claim" would result in a miscarriage of justice . . .

*Id.* at 8 (capitalization normalized, all else as in original).

Petitioner wrote "none" in the spaces provided for articulating Grounds Two, Three, and Four. In the portion of the form that directs "[i]f there are any grounds you did not present in all appeals that were available to you, explain why you did not," however, Petitioner states:

> The Bureau of Kansas Prisons miscalculated Petitioner's "Sentences" by FRAUD. The "STATE OF KANSAS," Cabal UnAuthorized custody! For this matter see e.g., McCleskey v. Zant, 499 U.S. 467 [1991] cited, PRECEDENTS! See Exhibit [A] Accompanying, is standing, See also Slack v. McDaniel, 529 U.S. 473 [2000] . . . cite. [*sic*]"

*Id.* at 9. As relief, Petitioner requests his immediate release and injunctive relief. *Id.*

**Analysis**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court." 28 U.S.C.A. foll. § 2254. Rule 1(b) of those Rules authorizes this Court to apply Rule 4 to federal habeas petitions brought under 28 U.S.C. § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

On the first page of the petition, Petitioner indicates that this matter is directed to the Chief Judge of the United States District Court for the District of Kansas. Generally speaking, litigants have no right to have a case assigned to a particular judge. *See United States v. Pearson*, 203 F.3d 1243, 1256 (10th Cir. 2000); *United States v. Diaz*, 189 F.3d 129, 1243-45 (10th Cir. 1999) (citing 28 U.S.C. § 137(a)); *Walker v. Univ. of Colo. Bd. of Regents*, 162 F.3d 1175, *1 n.3 (10th Cir. 1998) (unpublished order and judgment) ("While a litigant may seek a recusal for a judge shown to be impartial, biased, or prejudicial, *see* 28 U.S.C. §§ 455(a) & 455 (b)(1), litigants have no right to demand that a particular judge hear their case."). Thus, to the extent that Petitioner seeks assignment of this case to a specific judge, that request is denied.

Second, liberally construing the amended petition, as is appropriate since Petitioner proceeds pro se, it appears that Petitioner may intend in this matter to challenge rulings made in case number 23- 3052-JWL. If Petitioner wishes to appeal the dismissal of that matter, he must comply with the law that sets forth the process for obtaining a certificate of appealability and pursuing an appeal. *See e.g.*, Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The § 2241 petition currently before the Court is not the appropriate way for Petitioner to dispute, challenge, or relitigate rulings this Court has made in other cases.

Third, as noted above, at various points in the amended petition, Petitioner appears to

indicate that he is challenging the state courts' affirming his 1989 and 2017 convictions, the state courts' denial of his motion for relief under K.S.A. 60-1507, the imposition of his life sentences, and the calculation of his release date. (Doc. 7-1, p. 3-4.) As Petitioner is aware, a petition for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to challenge his state court convictions. Similarly, to the extent that the amended petition seeks injunctive relief related to actions by the facility's attorney with respect to a state-court fee, it does not appear to state a claim for relief that sounds in habeas.

A state prisoner may use a petition filed under § 2241 "'to attack the execution of a sentence." *See Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the execution of his state sentence via a § 2241 petition."). For example, a state prisoner may bring a petition under § 2241 to challenge the denial of sentencing credits that would have been applied to a state sentence. *See Magar v. Parker*, 490 F.3d 816, 817-18 (10th Cir. 2007). A state prisoner may also properly use § 2241 to challenge the revocation of a suspended sentence. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017).

It is important to remember that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence *rather than its validity*." *See Pinson v. Berkebile*, 553 Fed. Appx. 852, 853 (10th Cir. 2014) (unpublished) (citing *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011)) (emphasis added). "By contrast, a state prisoner's federal habeas challenge to the validity of an underlying conviction or sentence must typically be brought under § 2254." *Leatherwood*, 861 F.3d at 1042. As has been repeatedly explained to Petitioner, if he wishes to raise a challenge to the validity of his 1989 state convictions or the related sentences, he must do so under § 2254 and he must first obtain permission from the Tenth Circuit.

When the Court liberally construes the amended petition, however, it appears that Petitioner may wish to raise a claim that he is being held beyond the expiration of his sentence. If this understanding is accurate, such a claim may be proper for this § 2241 action. The amended petition now before the Court does not clearly state which sentence or sentences Petitioner believes have expired, when he believes they expired, or the basis for that belief. Petitioner has argued in previous matters that he believes the sentences for his 1989 convictions expired prior to the events that led to his 2017 conviction. *See Davis v. Zmuda*, 2021 WL 4772941, *2-3 (D. Kan. Oct. 13, 2021) (unpublished memorandum and order) (noting that in that case and another federal habeas action, Petitioner argued that he was not properly in custody on the day of the offense against the correctional officer). It is not entirely clear from the amended petition if he intends to assert the same argument in this action and the Court cannot construct legal arguments for Petitioner.

Because there is at least some support for the conclusion that Petitioner may intend to assert a claim for federal habeas relief appropriately pursued under § 2241, the Court will allow Petitioner the opportunity to file a second amended petition, on court-approved forms, that clearly identifies the grounds for relief he wishes to assert in this action. Petitioner is reminded that because this matter is brought under § 2241, he may not raise in this case challenges to the proceedings underlying his state court convictions, to this Court's orders in prior cases, or to conditions of his confinement. He may only articulate grounds that are appropriate for seeking a writ of habeas corpus under 28 U.S.C. § 2241.

If Petitioner chooses to file a second amended petition, it must be on a court-approved form and it must clearly identify the sentence or sentences at issue and the grounds on which he seeks relief. If Petitioner timely files a second amended petition, the Court will conduct a Rule 4 review and issue further orders as necessary. If Petitioner fails to timely file a second amended petition,

this matter will proceed upon the operative amended petition, which fails to adequately identify a ground on which a federal writ of habeas corpus may issue under 28 U.S.C. § 2241, and this matter will be dismissed without further prior notice to Petitioner.

**Motion to Appoint Counsel (Doc. 4)**

Petitioner seeks the appointment of counsel, arguing that he is indigent, his imprisonment limits his ability to litigate, the issues are complex, he has limited access to a law library, a trial in this matter will involve conflicting testimony which counsel will be better equipped to manage, and Petitioner's repeated attempts to obtain counsel have been unsuccessful. (Doc. 4.)

As Petitioner is aware, he has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

As noted above, the petition fails to clearly articulate a ground for relief on which a federal writ of habeas corpus may issue under 28 U.S.C. § 2241. At this early stage in the proceedings, it is yet unclear whether this matter will proceed. Thus, the Court concludes that the interest of justice

does not require appointment of counsel. The Court will deny the motion without prejudice.

**Motion for Hearing (Doc. 5)**

Petitioner has filed a document entitled "Notice of a Hearing Habeas Corpus Petition Title 28 Section 2241 Constitutional Challenge to a Statute, Certification, Intervention, and Innocent Notice." (Doc. 5.) The document states:

> Notice of a [hearing] is hereby given by the Petitioner for a writ of habeas corpus, 28 U.S.C. 2241, of an innocent and constitutional question. Wherein, Rule 19[] adjudicates the Attorney General of the State of Kansas, shall permit the State to intervene for presentation of evidence to[] the constitutionality of any statute of Kansas affecting the public interest is drawn in question in this Cause of Action [28 U.S.C. 2403(b),] as follows:

*Id.* No language follows the colon in the document. *Id.*

The Court has repeatedly explained to Petitioner that he has no right to a hearing in a federal habeas matter, nor is it standard practice for the Court to hold such hearings. *See Davis v. Schnurr*, Case No. 22-3269-SAC, 2022 WL 2116294, *1 (D. Kan. June 13, 2022) (unpublished memorandum and order); *Davis v. Perkins*, Case No. 16-3078-SAC, 2016 WL 3855552, *1 (D. Kan. July 15, 2016) (unpublished memorandum and order). As stated above, it is not yet clear whether Petitioner will state a claim for relief that may be pursued under § 2241 and there is no indication at this point in the proceedings that a hearing is necessary. Thus, the notice of hearing, which is construed as a motion for hearing, will be denied.

The Court further notes that the sole legal authority Petitioner cites in the motion is 28 U.S.C. § 2403(b), which concerns federal lawsuits that draw into question the constitutionality of a state statute, and which appears entirely inapplicable to the current federal habeas matter, which does not challenge the constitutionality of a Kansas statute. Petitioner has a history of filing legally unsupported motions and pleadings with this Court and of engaging in repetitive litigation seeking

relief the Court has previously indicated is unavailable to him.[2]

As the Court has previously advised Petitioner[3], "'[t]he right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). Rather, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances.'" *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted). Petitioner's practice of filing documents that seek relief the Court has already held unavailable is approaching the level of abusive litigation. Petitioner is therefore cautioned that if he continues to file frivolous actions or motions with this Court, he may be subject to filing restrictions.

**IT IS THEREFORE ORDERED** that Dan Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion to appoint counsel (Doc. 4) and the motion for hearing (Doc. 5) are **denied without prejudice**.

**IT IS FURTHER ORDERED** that the motion to amend petition (Doc. 7) is **granted**.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including April 6, 2023 in which to file a complete and proper amended petition on a court-approved form that clearly identifies the ground for relief on which Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The clerk is directed to send Petitioner the appropriate form.

---

[2] *See, e.g.*, *Davis v. Schnurr*, Case No. 22-3312-JWL, 2023 WL 1992710 (D. Kan. Feb. 14, 2023) (unpublished memorandum and order); *Davis v. Schnurr*, Case No. 22-3312-JWL-JPO, 2023 WL 171929, *3 (D. Kan. Jan. 12, 2023) (unpublished memorandum and order) (noting "largely incomprehensible motion for consolidation" that raised grounds not properly before the Court); *Davis v. Schnurr*, Case No. 20-3269-SAC, 2022 WL 2918245 (D. Kan. July 25, 2022) (unpublished memorandum and order) (denying legally and factually unsupported post-judgment motions).

[3] *See id.*

**IT IS SO ORDERED.**

DATED: This 6th day of March, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge