IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                Petitioner,

    v.                                                    CASE NO. 23-3060-JWL

DAN SCHNURR,

                Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner and state prisoner Anthony Leroy Davis. On March 1, 2023, Petitioner filed a motion for leave to proceed in forma pauperis, but it was not on the required, court-approved form. (Docs. 3 and 6.) Petitioner has resubmitted the motion on the correct form (Doc. 11) and the Court will grant it. Because the Court will grant the more recent motion for leave to proceed in forma pauperis, it will deny as moot the initial motion to do so.

### Background

Petitioner was convicted in state court in 1989 of first-degree felony murder, aggravated robbery, and aggravated arson, and he was sentenced to a total of life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567, 569 (1990) (*Davis I*); *Davis v. State*, 2021 WL 218903, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. In 2016, while Petitioner was serving his sentence, he punched a correctional officer; a jury later convicted him of battery of a law enforcement officer and he was sentenced to an additional 65 months in prison. *State v. Davis*, 2019 WL 5090467, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020.

1

Petitioner filed his initial petition in this matter on March 1, 2023. (Doc. 1.) On March 6, 2023, he filed a motion to amend his petition; attached to the motion was the proposed amended petition. (Doc. 7.) The Court granted the motion to amend, but when it conducted the required initial review of the proposed amended petition, it concluded that certain deficiencies left it subject to dismissal in its entirety. (Doc. 8.) Thus, the Court granted Petitioner time in which to file a second amended petition that clearly identifies the grounds on which Petitioner seeks federal habeas relief in this action. *Id.* Petitioner has timely filed his second amended petition. (Doc. 10.)

## Rule 4 Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

As Ground One of the second amended petition, Petitioner alleges that he is attacking the execution of his state-imposed life sentence. (Doc. 10, p. 6.) He cites generally to the Due Process Clause in the Fourteenth Amendment to the United States Constitution and United States Supreme Court cases involving due process challenges. As the supporting facts for Ground One, Petitioner

states: "Petitioner attacks the execution of the Respondents life sentence, to challenge 'denial' of the sentences, id. legislative-intent?" *Id.* (capitalization normalized, all else as in original). Even liberally construing the petition, this statement does not assert a cognizable ground for federal habeas relief.[1] The Court does not know—and Petitioner does not explain—what Petitioner means by the assertion that his sentences were "denied," nor does he explain how that denial deprived him of required due process of law.

This Court previously has explained to Petitioner that "completely conclusory and formulaic statements" are insufficient to state a claim for federal habeas relief. *See, e.g.*, *Davis v. Perkins*, 2016 WL 3855552, *2 & n.6 (D. Kan. July 15, 2016) (unpublished memorandum and order). That remains true. Simply stating that he wishes to attack the execution of his sentences, without additional explanation, is not enough to state a plausible claim for federal habeas relief. Thus, Ground One is subject to dismissal.

Similarly, Ground Three is subject to dismissal for failure to state a cognizable claim for federal habeas relief. Although it is difficult to parse, Ground Three appears to be related to prison staff's handling of Petitioner's mail. *Id.* at 6. A habeas action generally is not the appropriate avenue to challenge conditions of confinement. Rather, an action under 42 U.S.C. § 1983 is the proper avenue to bring such claims.[2] *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). The Court has repeatedly reminded Petitioner, as recently as January 12, 2023, "that conditions-of-confinement claims cannot be brought in a habeas petition." *See Davis v. Schnurr*, 2023 WL 171929, *2 (D. Kan. Jan. 12, 2023) (unpublished memorandum and order). As a three-

---

[1] Petitioner may have intended this section to reinforce his intent to raise only arguments properly brought under 28 U.S.C. § 2241, but he has not identified any facts that support the claim in Ground One that he is being held without due process or after the "'denial' of the sentences." Thus, he has not sufficiently alleged a ground for habeas relief.

[2] To the extent that Petitioner intends to assert that 28 U.S.C. § 1331 gives the Court jurisdiction over—and thus makes appropriate—a conditions-of-confinement claim raised in a federal habeas action brought under 28 U.S.C. § 2241 (*see* Doc. 10, p. 3), he is incorrect. Jurisdiction over two types of claims, such as habeas claims and civil rights claims, does not necessarily mean that both types of claim may be brought in a single lawsuit.

strikes litigant under 28 U.S.C. § 1915, Petitioner "'may not avoid the statutory restrictions on three-strikes litigants by characterizing his conditions-of-confinement claims as claims in a § 2241 petition.'" *Id.* (citation omitted).

Finally, liberally construing Ground Two, it appears that Petitioner disagrees with the determination that his 1989 sentences were indeterminate and, as a result, he believes that he is being held beyond the expiration of his sentences.[3] He fails, however, to identify the federal right or privilege he believes was violated. And although the Court liberally construes pro se pleadings, it may not act as Petitioner's advocate or construct arguments on Petitioner's behalf.

In the portion of the form for stating the facts that support Ground Two, Petitioner states that his second amended petition challenges "the Respondent's Exhibits [B]-[C]." [4] Since Respondent in this matter has not yet filed anything, the Court construes this statement to refer to the exhibits attached to the second amended complaint. Exhibit B to the second amended complaint is a letter from a state official to Petitioner, dated October 6, 2014. (Doc. 10-2.) It says:

> I've received your above referenced grievance. You assert in your grievance that you are being held illegally. I have asked about your situation and was given the following answer:
>
> In Case #88CR684 you were sentenced to Life for a count of Murder, as well as a consecutive 5-20 for Agg arson. Additionally, you had a 10-20 for Agg Robbery running concurrent with these other two sentences. All your sentences are Indeterminate in nature and since you have an Indeterminate Life sentence, you have no projected Sentence Discharge Date. Your initial Parole Eligibility Date was calculated correctly, based on current Kansas law and information received from the court in your Journal Entry of Judgment. Since that time, you have been passed three (3) times by the Kansas Parole Board/Prison Review Board. Parole may be granted by the Prison Review Board at some point in the future but that decision is

---

[3] More specifically, Petitioner contends that his release date was miscalculated and should have occurred on October 11, 2005, and he characterizes the events as being the "revocation of a suspended 'State of Kansas,' judiciary, cognizable sentence." (Doc. 10, p. 6 (capitalization normalized, all else as in original). He also states that he "attack the execution of his 1988 'satified [determinate] life sentence,' ran 'consecutive' to his indeterminate nonclass[a] sentence." *Id.* (capitalization normalized, all else as in original).

[4] Exhibit B is also referenced in the portion of the current federal habeas petition in which Petitioner is asked to identify why he is currently in custody—for example, whether he is being held as a pretrial detainee, on an immigration charge, etc. (Doc. 10, p. 1.)

4

made solely at their discretion.

No further action necessary or possible on this complaint.

*Id.*

Exhibit C to the second amended complaint consists of two pages. The first is labeled "EXHIBIT [C] APPENDIX," but is otherwise blank. (Doc. 10-3, p. 1.) The second page is a letter from the administrator of the Prisoner Review Board to Petitioner, dated November 3, 2014. *Id.* at 2. It states: "I am writing in response to your grievance appeal which was forwarded to me for response. The parole decision by the Prisoner Review Board is not grievable and there will be no change in decision. Thank you." *Id.*

To the extent that Petitioner intends in Ground Two to challenge the indeterminate nature of his sentences, such a challenge does not concern the *execution* of his sentences; the state district court imposed indeterminate sentences at the time of sentencing. If Petitioner intends to challenge the KDOC's statement to him in Exhibit B that the sentences were indeterminate in nature, he has failed to articulate what constitutional right was violated by this statement. Similarly, Petitioner has failed to articulate what federal right or privilege was violated by the denial of his parole in 2014, as reflected in Exhibit C.

In total, the portion of the court-approved form dedicated to Ground Two states:

**GROUND TWO:** 42 U.S.C.A. 1997e.[a]. Generally <u>not</u> depriving "this District Court" of subject-matter "jurisdiction." Congressional provision of [Prison Litigation Reform Act] establishing a <u>exhaust remedy</u> available. See, <u>Treesh v. Taft</u>, S.D. Ohio 2000, 122 F.2d 887. "Sentencing and Punishments" 1797 . . . United States Constitution, Article I, Section 10. Ex post facto law, <u>retrospective</u>.

(a) Supporting facts (Be brief. Do not cite cases or law.):

Petitioner <u>attack</u> the execution of his <u>1988</u> "satified [determinate] life sentence," ran "consecutive" to his indeterminate, nonclass [a] sentence. . . This "second amended petition challenging" the Respondent's Exhibits [B]-[C]. Execution of their miscalculation of his "original id. release date on October 11th, 2005 . . . "State

5

>Petitioner amends 2241 to challenge Respondents revocation of a suspended "State of Kansas," judiciary, cognizable sentence?"

(Doc. 10, p. 6. (capitalization normalized, all else as in original).)

None of the legal authorities Petitioner cites in the language quoted above clarify the legal basis for Ground Two. The federal statute, 42 U.S.C. § 1997e(a), is part of the Prison Litigation Reform Act of 1995 (PLRA) and "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532, U.S. 731, 733 (2001). "'[C]laims covered by the PLRA are typically brought under 42 U.S.C. § 1983." *Allen v. Zavaras*, 568 F.3d 1197, 1200 (10th Cir. 2009). *Treesh v. Taft*, 122 F. Supp. 2d 887 (S.D. Ohio 2000), which Petitioner also cites, also addresses the PLRA's exhaustion requirement. But this is not a § 1983 action and it does not involve prison conditions; it is a habeas action attacking the execution of Petitioner's state sentences. Thus, the PLRA does not apply.[5]

Petitioner also cites the Ex Post Facto Clause of the United States Constitution. Although a claim that a conviction or sentence violates the Ex Post Facto Clause may be raised in a federal habeas proceeding, it is a challenge to the constitutional *validity* of the law or the judicial interpretation of the law. *See Evans v. Ray*, 390 F.3d 1247 (10th Cir. 2004). And as Petitioner is well aware, challenges to the validity of a conviction or sentence may not be brought under 28 U.S.C. § 2241; they must be brought under 28 U.S.C. § 2254. Thus, because Ground Two fails to identify a legal basis for Petitioner's claim for federal habeas relief under 28 U.S.C. § 2241, it is subject to dismissal.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District

---

[5] In addition, the section of the PLRA which Petitioner cites, 42 U.S.C. § 1997e(a), addresses exhaustion of administrative remedies. Although exhaustion requirements exist for both civil rights actions and habeas actions, "[t]here are good reasons to distinguish between exhaustion in the PLRA context and the habeas context." *Allen*, 568 F.3d at 1201.

6

Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 11), is **granted.** As a result, the previous motion for leave to proceed in forma pauperis (Doc. 3) is **denied as moot.**

**IT IS FURTHER ORDERED** that this matter is **dismissed without prejudice** for failure to state a plausible claim for relief. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 20th day of March, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge
