IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                          Petitioner,

      v.                                                                         CASE NO. 23-3060-JWL

DAN SCHNURR,

                          Respondent.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner and state prisoner Anthony Leroy Davis. Petitioner filed his original petition on March 1, 2023. (Doc. 1.) After reviewing the petition, the Court issued an order identifying deficiencies in the petition that left it subject to dismissal in its entirety and directing Petitioner to file an amended petition that clearly identified the asserted grounds for relief. (Doc. 8.) Petitioner filed an amended petition (Doc. 9) and then a second amended petition (Doc. 10). The Court reviewed the second amended petition, but found that it also failed to state a cognizable claim for relief under 28 U.S.C. § 2241. Thus, on March 20, 2023, the Court dismissed this matter without prejudice for failure to state a plausible claim for relief and the Court declined to issue a certificate of appealability. (Doc. 12.) The matter comes now before the Court on "Petitioner's Responsive Motion for Leave to File a Third Amended Petition." (Doc. 14.)

      The motion will be denied. This matter was dismissed, so a request to file an amended petition is, at this point, improper. To the extent that the motion can be liberally construed as a motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e), it fails because a motion under Rule 59(e) is not to be used to present supporting facts that could have been presented

in earlier filings. *See Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Similarly, even if the motion is liberally construed as a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b), it fails because it merely seeks to amend the second amended petition. In any event, the proposed third amended petition (Doc. 14-1) suffers from the same fatal deficiencies as Petitioner's previous petitions filed in this matter: it fails to state a cognizable claim for relief under 28 U.S.C. § 2241.

**IT IS THEREFORE ORDERED** that the motion for leave to amend the second amended petition (Doc. 14) is **denied**. This case shall remain closed.

**IT IS SO ORDERED.**

DATED:   This 27th day of March, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge